IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:17-CV-110-D

| | | |
|---|---|---|
| ELDER DEFORRORRA LOCUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DON F. STROUD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On August 14, 2017, Elder Deforrorra Locust ("plaintiff" or "Locust"), proceeding pro se, filed an unsigned form complaint together with numerous exhibits. Compl. [D.E. 1], Exs. [D.E. 1-1 through 1-7]. On September 11, 2017, Locust filed a notice of interlocutory appeal [D.E. 7], which the clerk transmitted to the United States Court of Appeals for the Fourth Circuit [D.E. 8]. On September 12, 2017, Locust filed purported proofs of service [D.E. 9–10]. On September 19, 2017, Locust filed a motion for entry of default as to Christopher Lander, who Locust did not name as a defendant in his original complaint [D.E. 15].[1]

Locust's proofs of service are defective in numerous ways. Locust must present the summonses to the clerk who then must sign, seal, and issue the summonses for service on the defendants. See Fed. R. Civ. P. 4(a)–(b). "A summons which is not signed and sealed by the Clerk of the Court does not confer personal jurisdiction over the defendant." Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 569 (3d Cir. 1996); see Omni Capital Int'l., Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987); Lathon v. UNC-Fayetteville State Univ., No. 5:07-CV-105, 2008 WL 60396, at *1

---

[1] Although Locust captioned his request as one "for judgment default[,]" [D.E. 15] 1, the court construes the motion as one seeking entry of default. See Fed. R. Civ. P. 55(a).

(E.D.N.C. Jan. 2, 2008) (unpublished). Locust "is responsible for presenting the summons to the clerk and serving it on the defendants." Trupei v. United States, 304 F. App'x 776, 780 (11th Cir. 2008) (per curiam) (unpublished).

The court lacks personal jurisdiction over the defendants until Locust effects proper service of process or obtains waivers of service under Rule 4(d). See, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). Locust's proofs of service indicate that—to the extent he served any defendant rather than a party he did not name as a defendant in his complaint—he did so personally. See [D.E. 9] 1; [D.E. 10] 1–4; [D.E. 15] 1–5; [D.E. 15-1] 1–2.[2] However, only a "person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2); see also N.C. Gen. Stat. § 1A-1, Rule 4(a) ("The complaint and summons shall be delivered to some proper person for service."). Thus, Locust may not personally attempt to serve defendants, including by personally placing the summons and complaint in the mail. See, e.g., Constien v. United States, 628 F.3d 1207, 1213–14 (10th Cir. 2010); Reale v. Wake Cty. Human Servs., No. 5:11–CV–682–D, 2013 WL 2635181, at *2 (E.D.N.C. June 12, 2013) (unpublished); Thomas v. Nelms, No. 1:09–CV–491, 2013 WL 593419, at *1–2 (M.D.N.C. Feb. 14, 2013) (unpublished); Knotts v. Univ. of N.C. Charlotte, No. 3:08–CV–478, 2011 WL 650493, at *8–9

---

[2] Locust's complaint names as defendants Don F. Stroud, RL Daughty, and OCG Leroy. See [D.E. 1] 1. However, Locust has filed documents indicating that he attempted to serve process on non-parties, Christopher Lander, Keith Boom, Duke Energy, and J Best, in addition to the named defendants. See [D.E. 9] 6; [D.E. 10] 1, 5; [D.E. 15] 3, 5. If Locust wants to name additional defendants, he must file an amended complaint and present summonses for the newly-named defendants. Cf. Santiago v. Crown Heights Ctr. for Nursing & Rehab., No. 15-CV-4381 (DLI) (CLP), 2016 WL 754410, at *4–5 (E.D.N.Y. Feb. 24, 2016) (unpublished); Pendergrass v. N.C. Dep't of Pub. Safety, No. 3:13-CV-129-RJC, 2014 WL 4441460, at *2 (W.D.N.C. Sept. 9, 2014) (unpublished). Locast's "failure to properly name Defendants on the summons and to ensure that a separate summons was issued for each defendant resulted in insufficient process." Coleman v. Bank of New York Mellon, 969 F. Supp. 2d 736, 744 (N.D. Tex. 2013).

2

(W.D.N.C. Feb. 10, 2011) (unpublished); Price v. Hous. Auth. of New Orleans, No. CIV.A. 09-4257, 2010 WL 2836103, at \*1 (E.D. La. July 16, 2010) (unpublished).[3]

Although proceeding pro se, Locust must comply with the Federal Rules of Civil Procedure. See, e.g., Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 151–52 (1984) (per curiam). The court enjoys some discretion in enforcing Rule 4 when there is actual notice, but "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984).

"[C]ourts generally allow pro se plaintiffs a chance to remedy technical insufficiencies in service of process." Thomas, 2013 WL 593419, at \*1; see Knotts, 2011 WL 650493, at \* 9. The court directs the clerk to send Locust summons forms and a copy of this order. Locust must complete a separate summons for each named defendant and present the summonses to the clerk's office for issuance. Locust shall present the completed summonses to the clerk's office for issuance with a signature and seal on or before December 8, 2017. Locust will then have until February 5, 2018, to effect service. The court warns Locust that if he fails to effect service by that deadline, the court will dismiss the action without prejudice. See Fed. R. Civ. P. 4(m).

As for Locust's motion for entry of default, the court denies the motion. An entry of default shall be made when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Locust seeks entry of default against someone who has not been named as a defendant. See [D.E. 15]. Moreover, a defendant is not required to answer until after the defendant has been served with the summons and complaint. See Fed. R. Civ.

---

[3] Locust states that he attempted to serve defendants Leroy and Stroud, along with non-parties, by certified mail. See [D.E. 15] 3; [D.E. 15-1] 4. Locust, however, has not produced any certified mail receipts. See, e.g., Hunter v. Hunter, 69 N.C. App. 659, 663, 317 S.E.2d 910, 912 (1984); cf. Moore v. Cox, 341 F. Supp. 2d 570, 573 (M.D.N.C. 2004).

P. 12(a). Because no defendant has been served with the summons and complaint, no answer is due. Thus, the court denies the motion.

In sum, the court DENIES plaintiff's motion for entry of default [D.E. 15]. The court DIRECTS the clerk to send plaintiff summons forms and a copy of this order. The court DIRECTS plaintiff to complete a separate summons for each named defendant and present the summonses to the clerk's office for issuance on or before December 8, 2017. Plaintiff will then have until February 5, 2018, to effect service on all defendants. The court warns plaintiff that if he fails to effect service by that deadline, the court will dismiss the action without prejudice. See Fed. R. Civ. P. 4(m).

SO ORDERED. This 21 day of November 2017.

JAMES C. DEVER III
Chief United States District Judge

4